IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01967-BNB

DAVID L. COLLINS,

Applicant,

v.

WARDEN V. EVERTT, KCCC,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 6 2011

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, David L. Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. On July 29, 2011, he submitted to the Court *pro se* eight documents. See ECF Nos. 1 through 8. The Court reviewed the documents, determined they were deficient, and determined that, because Mr. Collins appeared to be challenging the validity of his conviction, he should file his claims on the Court-approved 28 U.S.C. § 2254 form. Therefore, on August 5, 2011, Magistrate Judge Boyd N. Boland directed Mr. Collins to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The August 5 order pointed out that Mr. Collins either must submit the $5.00 filing fee for a habeas corpus action or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a certificate of the warden showing the current balance in his prison account. The August 5 order and

the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The August 5 order also informed Mr. Collins that he must submit an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The August 5 order directed Mr. Collins to obtain the Court-approved forms and the applicable instructions at www.cod.uscourts.gov. The August 5 order warned Mr. Collins that the action would be dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within thirty days.

On August 25, 2011, Mr. Collins submitted a § 2254 habeas corpus application and § 1915 motion and affidavit together with an inmate account statement. The statement, however, is deficient because it is not certified either by the warden or an appropriate officer at the facility where Mr. Collins is incarcerated, as required by Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, the August 5 order, and the § 1915 motion and affidavit.

The application will be denied and the action dismissed without prejudice for Mr. Collins' failure to cure all the deficiencies designated in the August 5 order to cure.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, David L. Collins, within the time allowed, to cure the deficiencies designated in the order to cure of August 5, 2011. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that the document titled "Notice of Appeal Civil Commercial Venue" is denied as unintelligible.

DATED at Denver, Colorado, this __26th__ day of __September__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01967-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on September 26, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                             Deputy Clerk